IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **Rancho Holdings, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| V. | ) Case No. 10-0997-CV-W-JTM |
| | ) |
| **Manzanillo Associates, Ltd., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

In 2005, plaintiff Rancho Holdings, LLC ("Rancho") and defendants Manzanillo Associates, Ltd., T.F. Stone Companies, Inc., Tommy F. Stone, and Bruce Martin Myers (collectively referenced as "Manzanillo") entered in an agreement to create a company to develop real estate in Costa Rica into resort property. The company created was named Rancho Manzanillo, LLC ("the Company"). In that regard, the parties signed and entered into an Operating Agreement. Over time, the parties' business relationship soured and, in 2007, Rancho decided it wanted to dismiss Manzanillo from further participation in the resort development. As a result, the parties entered into a First Amendment to the Operating Agreement that became effective in 2008.

At issue in the present lawsuit is one 2.5-acre parcel ("the House Parcel") that is part of the larger 515-acre resort property acquired by the Company to develop the proposed resort in Costa Rica. Manzanillo asserts that the House Parcel should be conveyed to it pursuant to the First Amendment to the Operating Agreement (and certain parol evidence further evidencing the intent of the parties). Rancho, conversely, contends that the House Parcel is not presently

subject to such a conveyance and, moreover, a declaratory judgment from this Court is necessary to "clear" the title on the House Parcel so that Rancho may now attempt to sell the entire and intact 515 acres of Costa Rican real estate. Specifically, in the present litigation, Rancho seeks a declaratory judgment resolving the dispute as to the interpretation and application of the contractual provision that triggers the right of Manzanillo to receive conveyance of the House Parcel. Rancho contends that the dispute over the House Parcel creates a cloud on the title to the entire property, making it difficult to develop or sell. In response, Manzanillo counterclaims and also seeks a declaratory judgment as well as asserting claims for breach of contract and quantum meruit. Presently before the Court are the parties respective cross- motions for summary judgment.

Rancho asserts that with regard to the House Parcel, paragraph 6.5(F) of the First Amendment to the Operating Agreement provides that such property shall be conveyed by special warranty deed to Manzanillo only "upon satisfaction of all of the following conditions:"

> (1) the principals of Rancho no longer have any liability under the bank loans that they guaranteed in connection with the resort development ("the Recourse Indebtedness");
>
> (2) Rancho has been repaid all funds that it loaned to the Company for the resort development ("the Member Loans"), and
>
> (3) Rancho has received all capital it contributed to the Company ("the Unrecouped Capital").

With regard to the Recourse Indebtedness, the principals of Rancho have guaranteed bank loans of over $39.8 million. In addition, the Member Loans exceed $2.8 million and the Unrecouped Capital totals more than $18.9 million.

2

Manzanillo claims that it is entitled to an immediate conveyance of the House Parcel and has filed the equivalent of a *lis pendens* on the property in Costa Rica. Manzanillo argues that its right to the House Parcel has been triggered by the release of the Recourse Indebtedness by the mortgage lender holding stock in the company.

Although both parties make some arguments about parol evidence supporting their respective positions, the Court finds that the subject agreement – when read in its entirety – is clear, unambiguous, and enforceable. As such, and in light of the fact that there is an actual case or controversy between the parties, the Court determines that a declaration of the rights and obligations of the parties under the First Amendment to the Operating Agreement is appropriate.

Accordingly, this Court **DECLARES, ADJUDGES and DECREES**:

1. On February 5, 2008, a First Amendment to the Operating Agreement was entered into by Rancho Holdings, LLC, Manzanillo Associates, Ltd., T.F. Stone Companies, Inc., Tommy F. Stone, and Bruce Marlin Myers.

2. The First Amendment to the Operating Agreement amended a prior agreement between Rancho Holdings and LLC, Manzanillo Associates, Ltd. entitled the Operating Agreement of Rancho Manzanillo, LLC.

3. The First Amendment to the Operating Agreement provided for a "Termination and Compliance Fee" to be paid to Manzanillo Associates, Ltd., T.F. Stone Companies, Inc., Tommy F. Stone, and Bruce Marlin Myers.

4. Part of that "Termination and Compliance Fee" included the conveyance by special warranty deed (or its equivalent) of a particular 2.5 acre parcel by Rancho Manzanillo, LLC to Manzanillo Associates, Ltd., T.F. Stone Companies, Inc., Tommy F. Stone, and Bruce Marlin Myers.

5. The subject 2.5 acre parcel was designated as the House Parcel and is more specifically described in the First Amendment to the Operating Agreement (and attached exhibits) and the Operating Agreement of Rancho Manzanillo, LLC (and attached exhibits).

6. Pursuant to the First Amendment to the Operating Agreement, the House Parcel was subject to conveyance to Manzanillo Associates, Ltd., T.F. Stone Companies, Inc., Tommy F. Stone, and Bruce Marlin Myers as part of the "Termination and Compliance Fee" only upon satisfaction of all of the following conditions:

 (a) the principals of Rancho Holdings, LLC no longer have any liability under the bank loans that they guaranteed in connection with the Costa Rican resort development undertaken by Rancho Manzanillo, LLC ("the Recourse Indebtedness");

 (b) Rancho Holdings, LLC has been repaid all funds that it loaned to Rancho Manzanillo, LLC for the resort development ("the Member Loans"), and

 (c) Rancho Holdings, LLC has received all capital it contributed to Rancho Manzanillo, LLC ("the Unrecouped Capital").

7. Unless and until the conditions set out above are satisfied, the House Parcel is not subject to conveyance to Manzanillo Associates, Ltd., T.F. Stone Companies, Inc., Tommy F. Stone, and Bruce Marlin Myers as part of the "Termination and Compliance Fee" as set forth in the First Amendment to the Operating Agreement.

8. Notwithstanding the arguments of the parties as to whether or not condition (a) has been met, it is undisputed that, to date, conditions (b) and (c) have not. Inasmuch as the conditions set out above have not been satisfied, the House Parcel is not presently subject to conveyance to Manzanillo Associates, Ltd., T.F. Stone Companies, Inc., Tommy F. Stone, and Bruce Marlin Myers as part of the "Termination and Compliance Fee" as part of the First Amendment to the Operating Agreement.

Furthermore, based on the foregoing declaration and findings, it is

**ORDERED** that Plaintiff Rancho Holdings, LLC's Motion For Summary Judgment, filed August 15, 2011 [Doc.47] is **GRANTED** in favor of Plaintiff Rancho Holdings, LLC on its

claim for declaratory judgment and against Defendant Manzanillo Associates, Ltd., T. F. Stone Companies, Inc., Tommy F. Stone, and Bruce M. Myers on their counterclaims for declaratory judgment, breach of contract, and quantum meruit.

    */s/ John T. Maughmer*
**JOHN T. MAUGHMER
U. S. MAGISTRATE JUDGE**